[Civ. No. 8617. Second Appellate District, Division One.—May 13, 1935.]

CLEM MOORE, Respondent, v. A. W. TEEL, Appellant.

Holbrook, Taylor, Tarr & Horton for Appellant.

Jones, Stephenson, Palmer & Moore for Respondent.

CONREY, P. J.—This action was commenced by complaint filed April 1, 1930. The complaint contains six counts, each

separate from the others both in time and in substance of the transactions involved. There is a seventh count which, as the trial court found, is merely a summation of the previous causes of action on which the total demand was for a judgment of about $8,000.

There is also a cross-complaint whereby the defendant, who is a physician, sought to recover the sum of $4,124 as the reasonable value of professional services rendered to the plaintiff and the plaintiff's family. In count two of the cross-complaint the same demand was set forth as upon an open book account.

The court by its findings and decision allowed to the plaintiff on count one, $100; on count two, nothing; on count three, $160; on count four, $50; on count five, $1600; on count six, $2,278.35; making a total of $4,188.35. On the cross-complaint the court found that the defendant was not entitled to recover anything on the first cause of action; but for the same services, as alleged in the second count of the cross-complaint, found the plaintiff indebted to the defendant upon the open book account in the sum of $1873. The court then struck a balance between the foregoing items, and gave judgment in favor of the plaintiff in the sum of $2,315.35. From this judgment the defendant appeals.

The causes of action stated in plaintiff's counts one, four and six are barred by the provisions of section 339 of the Code of Civil Procedure, and the defendant's plea to that effect should have been sustained. There was no written contract between the parties. The work referred to in each of those counts was completed more than two years before the commencement of the action, according to the plaintiff's own testimony.

Count three of the complaint is for services rendered in collecting the rents of certain oil and gas stations. The evidence appears to sustain the finding that these services rendered were of the reasonable value of $160. Count five states a cause of action for services "in managing the Teel Bungalow Court in Glendale, California, owned by the defendant", which services were alleged to be of the reasonable value of $4,550. The court found that these services were of the reasonable value of $1660. This finding is not sustained by the evidence. Apparently there was no evidence of the reasonable value of these services. To meet appellant's contention on this point, respondent's reply points only to his testimony

wherein he said: "I put in my bill there for the entire time. And I think that I am entitled according to that to have my bill paid in full, $100.00 a month for the entire time." This was not evidence of the reasonable value of the services rendered.

■ On the cross-complaint appellant claims that the evidence is insufficient to support the court's finding that respondent became indebted to appellant upon an open book account for only $1873, whereas appellant claims that book account proved by him entitled him to the full sum of $4,124. On that count the testimony indicates some irregularities and alterations in the entries on the cards and books produced as constituting appellant's "open book account", which presumably were considered by the court in settling the amount to be allowed. We find no sufficient reason for holding that this finding is not supported by the evidence.

In accordance with our opinion upon the various items as above stated we conclude that the findings and decision of the trial court in the cross-action are sustained, but that there should be a new trial of the issues in relation to counts three and five of the plaintiff's complaint. While the items contained in count three may have been properly allowed, they are so connected with those contained in count five that any change made in the evidence and findings on count five might affect the result in relation to count three.

The appeal from the order denying appellant's motion for a new trial is dismissed. The judgment is reversed and the cause remanded for a new trial to be had in accordance with the foregoing opinion.

Houser, J., and York, J., concurred.